UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Coalition for Open Democracy

v. Civil No. 26-cv-647-JL-TSM

NH Secretary of State, et al

## SCHEDULING ORDER

Before the court is the plaintiff's challenge to HB 323. The court issued a preliminary injunction on October 2, 2026.[1] The order enjoined the state from enforcing the Secretary of State's April 23, 2026 press release and related guidance (referred to as the "April Directive"), to the extent that it prohibited polling station personnel from reviewing and considering student identification cards when determining voter identity under RSA 654:12(d)(4) and RSA 659:13(c)(1) and (3) during the November 2026 general election.

That order is now on appeal before the First Circuit Court of Appeals and was stayed pending appeal by the United States Supreme Court. This court nevertheless takes the view that, because the November 2026 general election to which it pertained has passed, the preliminary injunction order is no longer in effect.[2]

On October 14, 2026 the State filed a motion to dismiss. At a November 5, 2026 conference with the parties, the plaintiff raised the possibility that it would move to amend the complaint. The court understands that such an amendment may moot some aspects of the State's motion to dismiss.[3] In order to move the case toward resolution in a timely manner, the plaintiff shall move to amend the complaint or file a response to the motion to dismiss on or before **November 20, 2026**, or such date as is mutually agreed upon by counsel.

**SO ORDERED**.

Joseph N. Laplante
United States District Judge

Dated: November 6, 2026
cc: Counsel of record

---

[1] Prelim. Inj. Order (doc. no. 68); *see also* doc. no. 63.

[2] "The court accordingly enjoins enforcement of the April Directive to the extent it prohibits or discourages election officials from considering student IDs as evidence of voter identity under RSA 654:12(d)(4) and RSA 659:13(c)(1) and (3), and orders the Secretary of State to issue revised guidance for the November 2026 general election." Prelim. Inj. Order (doc. no. 68) at 3.

[3] For example, standing. The court assumed without deciding standing based on Chief Judge Elliott's ruling in *New Hampshire Youth Movement v. Scanlan*, 833 F.Supp.3d 93 (D.N.H. 2026) (Elliott, C.J.), currently pending before the First Circuit Court of Appeals.